**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GLENN WALLACE,

                          Plaintiff,

    - v -                                          Civ. No. 9:03-CV-0507
                                                          (TJM/RFT)

MICHAEL K. NALLEY, *Warden at FCI Ray Brook*, *et al.*,

                          Defendants.

**APPEARANCES:**                                  **OF COUNSEL:**

GLENN WALLACE
Plaintiff, *Pro Se*
11059-050
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509-0999

HON. GLENN T. SUDDABY                    BARBARA D. COTTRELL
United States Attorney                           Assistant United States Attorney
for the Northern District of New York
Attorney for Defendants
Northern District of New York
P.O. Box 7198
100 S. Clinton St.
Syracuse, N.Y. 13261-7198

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

    *Pro se* Plaintiff Glenn Wallace brings this civil rights claim pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, alleging that his rights under the Fifth and Eighth Amendments to the United States Constitution were violated as a consequence of contaminated

drinking water and unsanitary utensils provided while he was an inmate at the Ray Brook Federal Correctional Institution (FCI Ray Brook).[1]  Dkt. No. 4, Am. Compl. at ¶¶ 21-25.  Defendants now bring this Motion for Summary Judgment (Dkt. No. 40), which Plaintiff opposes (Dkt. No. 45).  For the reasons that follow, it is recommended that the Defendants' Motion be **granted** in part and **denied** in part.

## I. FACTS

Plaintiff Glenn Wallace is a federal inmate currently incarcerated at the Federal Correctional Institution at Butner, North Carolina (FCI Butler).  Dkt. No. 40, Defs.' Mot. for Summ. J., Rule 7.1 Statement at ¶ 1.[2]  Plaintiff was incarcerated at FCI Ray Brook from October 14, 1999 through March 19, 2004.  *Id*. at ¶ 2.  Plaintiff alleges that from February 2002 through May 2002, contaminated drinking water and dirty utensils in the dining hall at FCI Ray Brook caused him to contract Helicobacter Pylori[3] ("H. Pylori") bacteria.  *Id*. at ¶ 3.

On February 20, 2002, Plaintiff went to Health Services complaining of constipation and bloating.  *Id*. at ¶ 9.  On April 25, 2002, he returned to Health Services complaining of constipation and burping.  *Id*. at ¶ 10.  On May 1, 2002, Plaintiff tested positive for H. Pylori.  *Id*. at ¶ 12.  On May 10, 2002, Plaintiff was counseled on his diagnosis and treatment plan, which consisted of

---

[1] This is Plaintiff's second *Bivens* action stemming from his H. Pylori infection.  His prior complaint, *Wallace v. Nalley*, 9:02-CV-1436 (LEK/GHL) claimed deliberate indifference to his medical needs under the Eighth Amendment.  In that case, judgment was granted in favor of the defendants, and the matter was dismissed in its entirety.  9:02-CV-1436, Dkt. No. 30.

[2] When the Plaintiff has not objected to a particular statement of fact proffered in the Defendants' 7.1 Statement, or visa versa, we will not cite to both 7.1 Statements.  *See* N.D.N.Y.L.R. 7.1(a)(3) ("Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.") (emphasis in original).

[3] H. Pylori is a species of bacteria that causes gastritis and pyloric ulcers in humans.  DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 739 (28th ed. 1994).

treatment with amoxicillin, clarithromycin, and lansoprazole for ten days to eradicate the H. Pylori. *Id*. at ¶ 13. On August 26, 2002, Plaintiff returned to Health Services complaining that his H. Pylori infection continued, and he was again treated with various drugs to eradicate the bacteria. *Id*. at ¶ 18. In the months that followed, Plaintiff complained of lower gastrointestinal symptoms, bloating and cramping, and constipation. *Id*. at ¶¶ 20-22.

During Plaintiff's incarceration at FCI Ray Brook, and since his subsequent departure therefrom, he has not pursued any administrative remedy available to him regarding the issue of contaminated drinking water or unsanitary utensils at FCI Ray Brook. *Id*. at ¶ 24. However, on or about July 1, 2002, Plaintiff submitted an administrative tort claim to the Bureau of Prisons Northeast Regional Counsel's Office seeking $ 5,000,000 in damages for personal injury because he had been "infected with H. Pylori while incarcerated in FCI Ray Brook." *Id*. at ¶¶ 26-27. After an investigation, by Memorandum, dated November 13, 2002, Warden Nalley denied Plaintiff's claim on the basis that there was no evidence to support the claim that he contracted H. Pylori while at FCI Ray Brook, nor that his infection was caused by staff negligence. *Id*. at ¶¶ 29 & 33.

Plaintiff now brings this claim in federal court pursuant to *Bivens* and the FTCA.

## II. DISCUSSION

### A. Standard of Review

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on "mere allegations or denials" of the facts submitted by the movant. FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) and *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this

point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

### B. *Bivens* Claim

#### 1. *Bivens Standard*

*Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), recognized the existence of a cognizable claim in certain instances for alleged constitutional violations committed by federal agents. *See Ellis v. Blum*, 643 F.2d 68, 84 (2d Cir. 1981) (noting that a *Bivens* action is a judicially-created remedy); *see also Carlson v. Green*, 445 U.S. 14, 18 (1980) ("Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."). The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities. *See Polanco v. United States Drug Enforcement Admin.*, 158 F.3d 647, 652 (2d Cir. 1998). In order to state a *Bivens* claim, a plaintiff must allege a constitutional deprivation by defendants acting under color of federal law. *Soichet v. Toracinta*, 1995 WL 489434, at *3 (S.D.N.Y. Aug. 16, 1995) (citing *Barbera v. Smith*, 654 F. Supp. 386, 390 (S.D.N.Y. 1987)). Generally, case law under 42 U.S.C. § 1983 applies to *Bivens* cases. *Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) (quoting *Ellis v. Blum*, 643 F.2d at 84).

2. *Exhaustion*

Defendants assert that Plaintiff's Eighth Amendment claim under *Bivens* should be dismissed because he failed to exhaust his administrative remedies before bringing this action in federal court.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), restricts inmates from bringing an action under federal law "with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Plaintiffs properly exhaust their claims when they "compl[y] with the system's critical procedural rules." *Woodford v. Ngo*, 126 S. Ct. 2378, 2388 (2006). Failure to exhaust must be plead as an affirmative defense, which the Defendants have done in this case. *Jones v. Bock*, 127 S. Ct. 910, 918 (2007).

The United States Bureau of Prisons (BOP) has a three-tiered administrative remedy system. 28 C.F.R. §§ 542.13-542.15. At the first tier, an inmate must first present an issue informally to staff, the second requires an inmate to file a written remedy request with the Warden, and the third tier requires an inmate to file appeals with the appropriate Regional Director and then with the General Counsel. *Id.*, *see also Macias v. Zenk*, 495 F.3d 37, 42 (2d Cir. 2007).

The Second Circuit has developed a three-part test to determine when dismissal of a complaint is warranted for failure to exhaust under the PLRA. *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004). First, the court must ask whether the administrative remedies were available to the plaintiff at the relevant times. *Macias v. Zenk*, 495 F. 3d at 41. Second, if such remedy was available, the court should ask whether the defendants have forfeited this affirmative defense by

failing to raise or preserve it, or if the defendants should be estopped from asserting failure to exhaust because they somehow inhibited the inmates' exhaustion. *Id.* Finally, the court must consider any special circumstances that could justify the prisoner's failure to properly exhaust. *Id.*

Since Defendants put forth the affirmative defense of failure to exhaust and Plaintiff opposes such defense, this Court will make the three-step inquiry set forth by the Second Circuit. With regard to the first inquiry, depending on the prisoner's explanation, the Court must decide whether the remedies were "available." There is nothing in the record indicating that administrative remedies were not available to Plaintiff. To the contrary, the record shows Plaintiff filed over thirty administrative remedy submissions with the BOP during the course of his incarceration, although none concerning the issues raised in this claim. Dkt. No. 40, Defs.' Mot. for Summ. J., Barbara D. Cottrell, Esq., Affirm., dated Mar. 14, 2007, Ex. 1B, Admin. Remedy Gen. Retrieval History. Concluding, therefore, that administrative remedies were available to Plaintiff, we note again that Defendants have properly interposed this affirmative defense in this Motion for Summary Judgment which was filed in response to Plaintiff's Complaint. *See* FED. R. CIV. P. 56(b) (defendant may move for summary judgment at any time); *see also Weldon v. U.S.*, 845 F. Supp. 72, 81 n.9 (N.D.N.Y. 1994) (stating an affirmative defense may be properly invoked in a motion for summary judgment if the motion is filed before the answer). Secondly, there is no allegation nor evidence on the record indicating that any Defendant prevented Plaintiff in any way from utilizing the administrative remedies that were available to him. The Defendants are therefore not estopped from pleading this affirmative defense.

Finally, we must consider whether any special circumstances exist that justify Plaintiff's failure to exhaust. Plaintiff states he believed his submission of an administrative tort claim with

the Bureau of Prisons Northeast Regional Office fulfilled any exhaustion requirements. Compl. at ¶ 18; Dkt. No. 45, Pl.'s Resp. to Defs.' Mot. for Summ. J. at pp. 6-8. Additionally, Plaintiff states that during the period of the alleged incident and his subsequent tort claim filing, the law was unclear as to what the PLRA required of inmates with respect to exhaustion, and that he "mistakenly thought that there were no exhaustion requirements when seeking monetary damages." *Id*.

The Second Circuit recently addressed these issues stemming from a similar fact pattern in *Macias v. Zenk,* 495 F.3d 37. In that case, an inmate opposing the affirmative defense of failure to exhaust argued, as Plaintiff does here, that he exhausted his *Bivens* claims by filing administrative tort claims and that he was not required to use the BOP's administrative remedy system because the monetary relief he sought could not be granted by the BOP. *Id*. at 42-44. The Second Circuit held that the plaintiff could not "skip the administrative process simply by limiting prayers for relief to money damages regardless of whether the BOP was authorized to provide them." *Id*. at 42 (internal quotation marks omitted) (quoting *Booth v. Churner*, 532 U.S. 731, 741 (2001)) (internal quotation marks omitted). Thus, Plaintiff's mistaken belief that the PLRA's exhaustion requirements did not apply to his claim seeking monetary damages is unavailing.

With respect to the question of whether filing administrative tort claims exhausts *Bivens* claims, the court in *Macias* conclusively stated that inmates "cannot satisfy the PLRA's exhaustion requirement solely by filing [] administrative tort claims[.]" *Id*. at 43-44 (discussing the distinction between "procedural" and "substantive" exhaustion and concluding that putting prison officials on notice as to the basis for a claim in a substantive sense does not constitute proper exhaustion under the PLRA in a procedural sense); *Woodford v. Ngo*, 126 S. Ct. at 2389 (stating that the PLRA was not likely intended to allow prisoners to bypass administrative remedies). Thus, Plaintiff's argument

that he exhausted his *Bivens* claim by filing the administrative tort claim cannot prevail in the Second Circuit.

For all the reasons above, we find that Plaintiff did not properly exhaust his *Bivens* claim under the PLRA, and therefore we recommend **dismissal** of that claim.

### C. FTCA Claim

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 & 2671 *et seq*., constitutes a Government waiver of the defense of sovereign immunity in certain circumstances, but it does not itself create any causes of action. *See Dorking Genetics v. United States*, 76 F.3d 1261, 1266 (2d Cir. 1996). Adopted by Congress in 1946, the FTCA gives federal district courts jurisdiction over civil actions against the United States for money damages over loss of property, personal injury, or death caused "by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). The Government can be held liable if "a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id*.

#### 1. *Proper Defendant*

Employees of the federal government acting within the scope of their employment are not proper defendants in FTCA actions, the only proper defendant in such a claim is the United States. *See* 28 U.S.C. §§ 1346(b)(1) & 2679(a) & (d)(1); *see also Rivera v. United States*, 928 F.2d 592, 608-09 (2d Cir. 1991). In addition, the United States is the only proper defendant in claims against federal agencies. 28 U.S.C. § 2679(a).

In this case, Plaintiff has named Michael Nalley, John Nash, M. Williams, G. Childress, and the BOP/Ray Brook Federal Correctional Institution as Defendants. The aforementioned individual

Defendants and the BOP as a government agency must be dismissed from this action because they are immune from suit.

Because both parties recognize that the United States is the only proper Defendant in this FTCA claim, *see* Cottrell Affirm., Mem. of Law at pp. 21-22 & Pl.'s Resp. to Defs.' Mot. for Summ. J. at pp. 32-33, the Court will on its own motion substitute the United States as the Defendant in place of Defendants Michael Nalley, John Nash, M. Williams, G. Childress, and the BOP/Ray Brook Federal Correctional Institution. *See Bowman v. United States Postal Service*, 2003 WL 1395821, at *2 (S.D.N.Y. Mar. 20, 2003) (substituting the United States on its own motion in lieu of requiring a *pro se* litigant to amend his complaint).

### 2. *Eighth Amendment and Negligence Claims*

The FTCA does not waive the government's sovereign immunity for federal constitutional tort claims. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994). As such, a valid claim under the FTCA must be based on the applicable state law where the act or omission occurred. 28 U.S.C. §§ 1346(b) & 2674; *Mortise v. United States.*, 102 F.3d 693, 696 (2d Cir. 1996). To the extent that Plaintiff brings an Eighth Amendment deliberate indifference claim under the FTCA, that claim must fail because the government has not waived its sovereign immunity against such a claim. Because the alleged acts and omissions giving rise to Plaintiff's negligence claims[4] occurred at FCI Ray Brook, which is located in New York, we must apply New York law to analyze those tort claims. *Mortise v. United States*, 102 F.3d at 696.

"Under New York law . . . a plaintiff must establish three elements to prevail on a negligence claim: (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and

---

[4] Liberally reading the Complaint, we do not find any other claims pleaded beyond the Eighth Amendment claims and general negligence claims.

(3) injury to the plaintiff as a result thereof." *Alfaro v. Wal-Mart Stores, Inc.*, 210 F. 3d 111, 114 (2d Cir. 2000) (internal quotation marks and citations omitted).

Plaintiff alleges that the Defendants negligently failed to provide adequate and sanitary living conditions at FCI Ray Brook when they provided contaminated drinking water and unsanitary eating utensils to inmates. Compl. at ¶¶ 27-34. The duty of the BOP is to "provide suitable quarters and provide for the safekeeping, care, and subsistence" of all inmates in its custody. 18 U.S.C. § 4042(a)(2); *see also United States v. Muniz*, 374 U.S. 150, 164-65 (1963) (stating that the BOP's duty of care is fixed by 18 U.S.C. § 4042, not any state rule). The aforementioned statute creates a duty on the part of BOP to "exercise ordinary diligence or reasonable care to keep prisoners safe and free from harm." *Smith v. United States*, 207 F. Supp. 2d 209, 214 (S.D.N.Y. 2002) (internal quotation marks and citations omitted). Thus, the first element of Plaintiff's negligence claim has been established.

Proceeding to the second element, breach of duty, Defendants have stated that at FCI Ray Brook, water samples are taken monthly and delivered to the New York State Department of Health for testing, and that the BOP tests its water in accordance with its own Facilities Operations Manual. Defs.' 7.1 Statement at ¶¶ 36-37. Similarly, Defendants state that FCI Ray Brook staff sanitize all equipment and utensils used in Food Services in accordance with the BOP Food Service Manual. *Id.* at ¶ 39. Further, Defendants have submitted copies of water testing reports completed by the Department of Health from May 13, 2002 through May 12, 2004. Cottrell Aff., Ex. 1F, Dep't. of Health Water Reports. These reports indicate no choliform or E. coli present during that time period. *Id.*

Notwithstanding these averments and evidence, a question of fact still exists as to breach of

*-11-*

duty and whether Plaintiff's injuries resulted therefrom. As Plaintiff points out, the water reports running from May 13, 2002 through May 12, 2004 do not by themselves disprove Plaintiff's assertion that the Defendants acted negligently, nor that their negligence was the cause of his H. Pylori infection. Plaintiff tested positive for H. Pylori on May 1, 2002, meaning he was infected at some point before that date, a time period for which no water reports have been provided. And, aside from the water reports, there is no evidence on the record that the Defendants followed the protocols provided in the Facilities Operations Manual and the Food Service Manual.

Further, both sides recognize that Plaintiff tested positive for H. Pylori, but there is a question as to what caused that infection. Defendants assert that because it is possible for those infected with H. Pylori to remain asymptomatic for years after the initial infection, Plaintiff could have been infected before he arrived at FCI Ray Brook. For his part, Plaintiff asserts that he never tested positive for H. Pylori before arriving at FCI Ray Brook. Pl.'s Resp. to Defs.' Mot. for Summ. J. at pp. 10-11. This dispute over this factual issue cannot be resolved on the record before us.

In terms of Plaintiff's alleged injury caused by the H. Pylori infection, the record indicates that Plaintiff complained of fatigue, gas, bloating, cramping, constipation, and other lower gastrointestinal symptoms. Dkt. No. 40, Ex. 2, Brian Shull, Physician's Assistant, Decl., dated June 23, 2003, at ¶¶ 3-13. Thus, there appears to be some alleged physical injury, the extent of which is better evaluated by the trier of fact.

In conclusion, we find there are questions of fact as to breach of duty, the extent of Plaintiff's injury, and causation of Plaintiff's infection. It is therefore recommended that Defendants' Motion for Summary Judgment be **granted** as to Plaintiff's Eighth Amendment claims under the FTCA and **denied** as to his negligence claims.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 40) be **granted** as to Plaintiff's constitutional *Bivens* claims; and it is further

**RECOMMENDED**, that Defendants' Motion for Summary Judgment be **granted** as to Plaintiff's constitutional claims brought pursuant to the FTCA; and it is further

**RECOMMENDED**, that Defendants' Motion for Summary Judgment be **denied** as to Plaintiff's negligence claims brought pursuant to the FTCA; and it is further

**RECOMMENDED**, that the United States be substituted as the sole Defendant in Plaintiff's FTCA claim; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   February 11, 2008
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

*-13-*