UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GLENN WALLACE,

                              Plaintiff,

vs.                                                      9:03-CV-0507

MICHAEL K. NALLEY, Warden, FCI Ray Brook;
U.S. BUREAU OF PRISONS; U.S. BOP RAY BROOK
FEDERAL CORRECTIONAL INSTITUTION; JOHN
NASH, Warden, FCI Ray Brook; M. WILLIAMS, Food
Service Administrator, FCI Ray Brook,

                              Defendants.
_____

THOMAS J. McAVOY,
Senior United States District Judge

**DECISION & ORDER**

      Plaintiff, Glenn Wallace, commenced this action pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 et seq., alleging that Defendants violated his rights under the Fifth and Eighth Amendments.  Presently before the Court is Defendants' Motion to Dismiss under Fed. R. Civ. P. § 12(b)(6) or, in the alternative, Motion for Summary Judgment under Fed. R. Civ. P. § 56.  Plaintiff filed papers in opposition to Defendants' motion.  This matter was referred to the Hon. Randolph F. Treece, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Both Plaintiff and Defendants filed objections

1

to the Report-Recommendation.

**I. FACTS**

Plaintiff is currently an inmate at the Federal Correctional Institution at Butner, North Carolina. Def. N.D.N.Y. Rule 7.1 Statement at ¶ 1. He was previously incarcerated at FCI Ray Brook, the facility at issue here, from October 14, 1999 until March 19, 2004. Id. at ¶ 2. Plaintiff alleges that while at Ray Brook from February 2002 until May 2002, he was exposed to drinking water that was contaminated with feces and unsanitary utensils that caused him to contract Helicobacter Pylori (H. Pylori). Pl. Am. Compl. at ¶¶ 24, 25. On February 20 and April 25, 2002, Plaintiff complained to the Health Service Department (HSD) of being bloated and severely constipated. Id. at ¶ 21. On May 10, 2002, Plaintiff was notified that he tested positive for H. Pylori. Id. at ¶ 23. Though he underwent treatment, Plaintiff continued to complain of gastrointestinal symptoms, including bloating, cramping, and constipation. Id. at ¶¶ 20-22.

Plaintiff did not pursue any available administrative remedies regarding the contaminated drinking water or unsanitary utensils at FCI Ray Brook. Id. at ¶ 24. However, on July 1, 2002, he did submit an administrative tort claim to the Bureau of Prisons Northeast Regional Counsel's Office seeking $5,000,000 for personal injury resulting from his contraction of H. Pylori while at FCI Ray Brook. Id. at ¶¶ 26-27. Warden Nalley denied the claim for lack of evidence that Plaintiff contracted H. Pylori while at FCI Ray Brook or that it was caused by staff negligence. Id. at ¶¶ 29, 33.

In his Report and Recommendation, Magistrate Judge Treece concluded that Plaintiff failed to exhaust his administrative remedies with respect to his Bivens claim, that he did properly exhaust his claim under the Federal Tort Claims Act, and that

2

genuine issues of fact remained concerning whether Defendant negligently provided unsanitary water and/or eating utensils.  Defendant objected to Magistrate Judge Treece's conclusion that triable issues of fact remain concerning its negligence.  Plaintiff objected to Magistrate Judge Treece's conclusion that he failed to properly exhaust his administrative remedies with respect to his Bivens claim.

## II.  STANDARD OF REVIEW

When objections to a magistrate judge's Report-Recommendation are filed, the Court makes a *"de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  See 28 U.S.C. § 636(b)(1).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  Id.

## III.  DISCUSSION

Magistrate Judge Treece recommended that Plaintiff's Bivens claim be rejected and Defendants' motion for summary judgment be granted on the grounds that Plaintiff failed to exhaust administrative remedies.  Report-Recommendation, at 9.  Magistrate Judge Treece rejected Plaintiff's assertion of "special circumstances" under the Second Circuit's three-part test to determine whether administrative remedies have been exhausted.  Id. at 7-8; see Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004).

Having reviewed the record *de novo* and having considered the issues raised in Plaintiff's objections, the Court adopts Magistrate Judge Treece's recommendation to

dismiss Plaintiff's Bivens claim on the basis of failure to exhaust administrative remedies. Therefore, Defendants' motion for summary judgment is **GRANTED** with respect to the Bivens claim.

As to Plaintiff's negligence claims under the FTCA, Magistrate Judge Treece denied Defendants' motion for summary judgment because he found that there were factual disputes as to whether FCI Ray Brook had breached its duty to "provide suitable quarters and provide for the safekeeping, care and subsistence" of its inmates. Report-Recommendation, at 11; see 18 U.S.C. § 4042(a)(2). Based largely on the fact that water testing results were not available for the time period in which Plaintiff first tested positive for H. Pylori in February, 2002, Magistrate Judge Treece concluded that it was unclear whether Plaintiff contracted H. Pylori at FCI Ray Brook or if he had contracted it prior to his incarceration. Report-Recommendation, at 11-12. Further, Magistrate Judge Treece cited the fact that there was no evidence that Defendant followed safety protocols in the Facilities Operations Manual and the Food Service Manual. Id.

In its objections to the Report-Recommendation, Defendant supplied the Court with additional evidence consisting of water testing results demonstrating that the water was not contaminated during the period from January 2002 through May 2002. Def. Objections, at 2. Defendant argues that this evidence together with Plaintiff's failure to identify sufficient evidence demonstrating how Defendant breached its duty of care, warrant the dismissal of this claim. Id. at 2-3. Plaintiff filed a response challenging this additional evidence.

The Court agrees with Defendants' arguments. In order to find negligence, a plaintiff must demonstrate that 1) the defendant had a duty as to plaintiff; 2) the

4

defendant breached this duty; and 3) this breach resulted in injury. Alfaro v. Wal-Mart Stores, Inc., 210 F.3d 111, 114 (2d Cir. 2000). Here, Defendant owed a duty of care to Plaintiff. See 18 U.S.C. § 4042(a)(2). As to the other two elements, Plaintiff merely states that FCI Ray Brook did not follow its own policies and procedures regarding health and safety and that, as a result, he was provided with contaminated drinking water and unsanitary eating utensils. Plaintiff provides insufficient evidence upon which a fair-minded trier of fact could reasonably conclude that Defendant did not follow proper health and safety procedures or how any such failures resulted in his contraction of H. Pylori. For example, Plaintiff has failed to supply any affirmative evidence of tainted water, unclean eating utensils, or other examples of violations of proper health and safety procedures at Ray Brook. Plaintiff similarly has failed to supply any medical evidence relating his illness to contaminated water or eating utensils or refuting Defendant's evidence that H. Pyolori can remain dormant for significant periods of time before becoming active. Defendant, by contrast, has submitted water testing reports demonstrating no contamination of the water. Defendant also submits that it sanitizes all eating utensils. Based on Defendant's evidence, and Plaintiff's lack thereof, any conclusion that Plaintiff contracted H. Pylori because of the condition of the water or eating utensils at Ray Brook would be based upon surmise and conjecture. The Court finds that Plaintiff has failed to satisfy his burden of demonstrating a triable issue of fact that Defendants breached their duty to Plaintiff or that such a breach caused Plaintiff's injuries. Accordingly, Defendant is entitled to summary judgment on the FTCA claim.

    For the foregoing reasons, the Court adopts Magistrate Judge Treece's Report-Recommendation with respect to the Bivens claim, but rejects the Report-

Recommendation with respect to the FTCA claim.  Defendant's motion for summary judgment is **GRANTED** in its entirety and Plaintiff's Complaint is **DISMISSED**.

IT IS SO ORDERED.

Dated: March 20, 2008

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge